Joseph Goodhue & another *vs.* Cutler Hitchcock & another.

Where a plaintiff, for the purpose of avoiding a discharge of the defendant under the insolvent law of 1838, relied on by him as a bar to the plaintiff's action, introduces a witness who testifies that the defendant, on the evening before he applied for the benefit of that law, transferred property to the witness in payment of a preëxisting debt, the defendant is entitled to prove, on cross-examination, the declarations made by him to the witness, at the time of such transfer, for the purpose of showing that 't was not made by him in contemplation of becoming insolvent and obtaining a dis charge under that law.

Hubbard, J. This was an action of assumpsit for goods sold and delivered to the defendants in the year 1839. The defendants were partners, and one of them was defaulted. The defendant Hitchcock pleaded a discharge under the insolvent law of 1838, upon an application made by him in December 1839. The proceedings and discharge were proved. The plaintiffs alleged, among other things, in avoidance of the discharge, that Hitchcock, a short time before filing his petition for the benefit of the insolvent law, made a transfer of certain personal property to one Robinson, a creditor, with a view to give a preference to

said Robinson. To support this allegation, the plaintiffs called Robinson, who testified, that on the evening before Hitchcock filed his said petition, Hitchcock did make to him a transfer of certain personal property, in payment of a preëxisting debt. The defendant, upon cross-examination, offered to prove by said Robinson the declarations made by him to said Robinson at the time of making said transfer, for the purpose of showing that he did not at that time contemplate becoming insolvent, or obtaining a discharge under the provisions of the insolvent law of 1838. This testimony was not admitted by the learned judge before whom the cause was tried in the court of common pleas, and the plaintiff had a verdict. The case comes before us on exceptions, alleged by the defendant Hitchcock, to the rejection of this testimony.

The insolvent act of 1838, *c.* 163, § 10, provides that if a person, " in contemplation of his becoming insolvent, and of obtaining a discharge under the provisions of this act, makes any payment, or any transfer of any part of his estate, with a view to give a preference to any creditor," his discharge, if he has obtained one, " shall be of no effect." The fact simply of making such transfer is not conclusive evidence of the intent. It is open to explanation, and the circumstances attending the transfer are admissible in evidence to show with what intent it was made. In the present instance, the plaintiffs proved by Robinson the fact of a transfer of property to him by the defendant in payment of a preëxisting debt, immediately preceding the filing of his petition ; but the defendant was not permitted, on cross-examination, to give his declarations to Robinson, at the time of the transfer, as evidence of his intent in making it. If the defendant had offered no evidence, the jury might have been well warranted in finding that such transfer was in contemplation of insolvency ; but we cannot doubt but what the communication, made at the time, touching the transfer, was so far a part of the transaction, as to be admissible under the well established principle that the *res gestæ* may be given in evidence. 1 Stark. Ev. 47, 48. If the declarations had been made at another time, or if they related to some collateral matter, and not illustrating or

explaining the character of the transfer, they ought certainly to have been rejected. *Haynes* v. *Rutter*, 24 Pick. 242. But to separate the thing said from the act done would often work injustice, and is contrary to the rule in the analogous case respecting admissions, where, when they are testified to, the whole admission which is made at the same time is to be taken together. Greenl. on Ev. § 201. And in cases like the one before us, where the *intent* is the fact upon which the question of the validity of the discharge depends, it seems necessary, for the purpose of ascertaining the truth, that what is said and done should not be separated, but that both should be rejected or admitted.

*New trial granted.*

*Kinnicutt,* for Hitchcock.
*Wood,* for the plaintiffs.